Philadelphia National Bank, Appellant, *v.* Winthrop Smith and William D. Black, Survivors of Winthrop Smith, Percy Smith, Percy Smith, George Berry and William D. Black, late trading as Winthrop and Percy Smith.

*Corporation—Stock—Transfer—Forgery.*

A bank issued to a customer a certificate of its own stock based upon a power of attorney to transfer forged by the customer.   The certificate thus issued was delivered by the customer to a firm of brokers as collateral for his liability to them.   The brokers then had the stock transferred to their own name.   Subsequently upon the customer becoming insolvent, the bank which held his notes asked the brokers if they held any notes of the customer secured by collateral which exceeded in value the amount of the notes.   On receiving an affirmative reply the bank purchased from the brokers the notes of the customer with the certificate of stock as the accompanying collateral.   Some time after the purchase by the bank the forgery was discovered.   *Held*, that the bank could not recover from the brokers the value of the forged bank stock.

Argued Jan. 22, 1900.   Appeal, No. 291, Jan. T., 1899, by plaintiff, from order of C. P. No. 2, Phila. Co., Sept. T., 1896, No. 748, refusing to take off nonsuit.   Before McCollum, Mitchell, Fell, Brown and Mestrezat, JJ.   Affirmed.

Assumpsit upon an implied warranty of title in the sale of bank stock.

At the trial it appeared that on November 14, 1890, John R. Baker, Jr., presented to the Philadelphia National Bank, the plaintiff, a power of attorney to transfer to himself seventy shares of stock standing in the name of his grandfather, Charles H. Baker.   The power of attorney purported to be signed by the executors of Charles H. Baker, but it was really a forgery

made by John R. Baker, Jr. The bank made the transfer and delivered the certificate to John R. Baker, Jr., who on the same day delivered it to the defendants as collateral for his liability to them. On November 17, 1890, the defendants presented the certificate to the plaintiff and received a new certificate of stock in their own name. Shortly afterwards, it becoming known that John R. Baker, Jr., was insolvent, the plaintiff, having several notes of Baker which were not fully secured, asked the defendants if they held any notes of Baker secured by collateral in which the value of the collateral exceeded the amount of the note.

Upon receiving an affirmative reply, the plaintiff purchased from the defendant the notes of Baker with the certificate of the seventy shares of stock, the accompanying collateral. Subsequently, upon the forgery being discovered, the plaintiff was compelled to pay to the real owner of the stock the sum of $19,000. This action was accordingly brought to recover the amount of this loss.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*A. T. Freedley*, for appellant.—The appellees impliedly warranted their title to the certificate for seventy shares which they sold to appellant and for which appellant paid them $14,000 : Charnley v. Dulles, 8 W. & S. 353 ; Cabot Bank v. Morton, 4 Gray, 156 ; Merriam v. Wolcott, 3 Allen, 258 ; People's Bank v. Kurtz, 99 Pa. 349 ; Flynn v. Allen, 57 Pa. 484 ; 2 Beach on Corp. sec. 667 ; Bolles on Negotiable Instruments, p. 353, sec. 5 ; 1 Cook on Corp. sec. 364 ; Biddle on Warranties, sec. 236 ; State v. Railroad Co., 34 La. Annual, 953 ; 2 Waterman on Corp. 89 ; Boston & Albany R. R. Co. v. Richardson, 135 Mass. 473 ; Swanzey v. Parker, 50 Pa. 441 ; Mairs v. Taylor, 40 Pa. 446 ; Ketchum v. Bank of Commerce, 19 N. Y. 499.

No estoppel exists against the appellant because of issuing the certificate upon a forged power to John R. Baker, Jr., or to appellees, for :

(a) A corporation which has issued a certificate of stock is

not estopped from denying that title passed thereby unless some one has parted with value on the faith of the forged title: Shafer v. Linnard, 17 Phila. 162; Kisterbock's App., 127 Pa. 602; Simm v. Anglo-American Telegraph Co., Law Rep. 5 Q. B. Div. 188; Brown v. Howard Fire Ins. Co., 42 Md. 384 ; Boston & Albany R. R. Co. v. Richardson, 135 Mass. 473; Hambleton v. Central Ohio R. R. Co., 44 Maryland, 551; Wright's App., 99 Pa. 432; Winter v. Montgomery Gas Light Co., 7 So. Rep. 773.

(*b*) Defendants were not purchasers for value of the title purporting to be acquired by Baker by means of his forgery on November 14, 1890: Ashton's App., 73 Pa. 153; Kisterbock's App., 127 Pa. 602; Liggett Spring Co.'s App., 111 Pa. 298; Shafer v. Linnard, 17 Phila. 162: Skinner v. Chase, 41 W. N. C. 476; Morawetz on Corp. sec. 210; Story on Bailments, sec. 297; Smyth v. Craig, 3 Watts & Sergeant, 14; Sholes v. Western Asphalt Block Co., 41 W. N. C. 384; Casey v. Caveroc, 96 U. S. 467; Casey v. Bank, 96 U. S. 492; Christian v. R. R. Co., 133 U. S. 241; Wallace's App., 104 Pa. 559; Johnson v. Pritchard, 2 Sandford (N. Y. Super. Ct.), 151; Gibson v. Lenhart, 101 Pa. 522;

(*c*) The appellees were not purchasers for value of the certificate issued in their names on November 17, 1890: Hambleton v. Cent. Ohio R. R. Co., 44 Md. 551; Brown v. Howard Fire Ins. Co., 42 Md. 384.

*Silas W. Pettit,* of *Read & Pettit,* for appellees.—The appellees did not impliedly warrant to appellant their title to the certificate for seventy shares which they sold: People's Bank v. Kurtz, 99 Pa. 344; Otis v. Collum, 92 U. S. 447; Machinists' Nat. Bank v. Field, 126 Mass. 345; Winter v. Montgomery Gas Light Co., 89 Ala. 544.

A transfer as collateral for a contemporaneously contracted debt makes the transferee a bona fide holder for value: Munn v. McDonald, 10 Watts, 270; Miller v. Pollock, 99 Pa. 202.

And one who renews a note and gives time on the strength of a pledge of a certificate of stock, is a bona fide holder for value: West Branch & Susquehanna Canal Co.'s App., 81* Pa. 19; Johnson v. Pritchard, 2 Sand. (N. Y. Super. Ct.) 151.

Where one receives a negotiable note before maturity as

collateral security in pursuance of a previous agreement made at the time the debt was contracted, he is a bona fide purchaser thereof for value: Miller v. Boyken, 70 Ala. 469; Boyken v. The Bank, 72 Ala. 263.

PER CURIAM, February 26, 1900:

In this case the evidence was not sufficient to establish the claim of the bank against the defendants. The certificate of stock issued by the bank to John R. Baker, Jr., November 14, 1890, was delivered by him to the defendants on the same day, and on account of his liability to them. On November 17, they presented to the bank the aforesaid certificate of stock, then standing in the name of John R. Baker, Jr., for transfer to them under a power of attorney from him. In compliance with their request the bank issued a certificate to them, and on November 28, they sold and delivered it to the bank, with four demand notes of Baker, together with a transfer of the collaterals pledged as security for the same. The sales and transfers obviously originated in the application of the bank to the defendants for information as to the nature and amount of Baker's indebtedness to them. The accuracy of the information received is not denied, and the purchase by the bank was in aid of its claims against Baker. The certificate issued to Baker, and by him deposited with the defendants as collateral to the loan, was genuine, and so was the certificate issued to them at their request. They had no knowledge of the forgery of Baker previous to their sale to the bank, and their transactions with Baker and the bank were irreproachable. The error of the bank was in issuing to the forger a genuine certificate of stock, but with the consequences of it the defendants are not chargeable. The certificate of stock they sold to the bank was theirs, lawfully and in good faith acquired in the transaction of a legitimate business. In the refusal of the court to take off the compulsory nonsuit entered on the motion of the defendants we discover no error. As we cannot find in the testimony, oral or documentary, any warrant for the bank's contention we dismiss the assignment.

Judgment affirmed.